## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation, INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, and INTERDIGITAL HOLDINGS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware corporation, <br><br> Defendants. | Civil Action No.: _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action for patent infringement. Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc. (collectively "InterDigital" or "the Plaintiffs"), through their undersigned counsel, bring this action against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung" or the "Defendants"). In support of this Complaint, InterDigital alleges as follows:

## THE PARTIES

1. Plaintiff InterDigital Communications, Inc. ("InterDigital Communications") is a Delaware corporation, having its principal place of business at 781 Third Avenue, King of Prussia, Pennsylvania 19406.

2. Plaintiff InterDigital Technology Corporation ("InterDigital Technology") is a Delaware corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

3. Plaintiff IPR Licensing, Inc. ("IPR Licensing") is a Delaware corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

4. Plaintiff InterDigital Holdings, Inc. is a Delaware corporation, having its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.[1]

5. On information and belief, defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea ("South Korea"), with its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-city, Gyeonggi-do, Korea 443-742.

6. On information and belief, defendant Samsung Electronics America, Inc. is a New Jersey corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

7. On information and belief, defendant Samsung Telecommunications America, LLC is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, TX 75081.

---

[1] InterDigital Communications, Inc., InterDigital Holdings, Inc., InterDigital Technology Corporation, and IPR Licensing, Inc. are subsidiaries of InterDigital, Inc., a Pennsylvania corporation.

## JURISDICTION AND VENUE

8. This is a complaint for patent infringement arising under 35 U.S.C. § 271 *et seq.* This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. § 1400(b) because Defendants are subject to personal jurisdiction in this district and therefore "reside" in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants sell various products and do business throughout the United States, including within this judicial district.

10. Venue is proper in this judicial district under Title 28 U. S. Code §§ 1391(b), (c), (d) and 1400(b) because this Court has personal jurisdiction over the Defendants by virtue of the fact that, *inter alia*, each defendant has purposefully availed itself of the rights and benefits of Delaware law, regularly does and solicits business in Delaware, has engaged in continuous and systematic contact with the State of Delaware, and derives substantial revenue from things used or consumed in the State of Delaware. In addition, this Court has personal jurisdiction over defendant Samsung Telecommunications America, LLC because, on information and belief, it is incorporated under the laws of Delaware.

## THE PATENTS-IN-SUIT

11. There are seven patents at issue in this action: United States Patent Nos. 7,190,966 ("the '966 patent"), 7,286,847 ("the '847 patent"), 7,502,406 ("the '406 patent"), 7,616,970 ("the '970 patent"), 7,941,151 ("the '151 patent"), 7,706,830 ("the '830 patent"), and 8,009,636 ("the '636 patent") (collectively, "the Patents-in-Suit").

12. The '966 patent is entitled "Method and Apparatus For Performing An Access Procedure," and issued on March 13, 2007 to inventors Fatih Ozluturk and Gary R. Lomp.

InterDigital Technology owns by assignment the entire right, title, and interest in and to the '966 patent. A true and correct copy of the '966 patent is attached to this Complaint as Exhibit A.

13. The '847 patent is entitled "Method and Apparatus For Performing An Access Procedure," and issued on October 23, 2007 to inventors Fatih Ozluturk and Gary R. Lomp. InterDigital Technology owns by assignment the entire right, title, and interest in and to the '847 patent. A true and correct copy of the '847 patent is attached to this Complaint as Exhibit B.

14. The '406 patent is entitled "Automatic Power Control System for a Code Division Multiple Access (CDMA) Communications System," and issued on March 10, 2009 to inventors John Kowalski, Gary R. Lomp, and Fatih Ozluturk. InterDigital Technology owns by assignment the entire right, title, and interest in and to the '406 patent. A true and correct copy of the '406 patent is attached to this Complaint as Exhibit C.

15. The '970 patent is entitled "Dual Mode Unit for Short Range, High Rate and Long Range, Lower Rate Data Communications," and issued on November 10, 2009 to inventor Thomas E. Gorsuch. IPR Licensing owns by assignment the entire right, title, and interest in and to the '970 patent. A true and correct copy of the '970 patent is attached to this Complaint as Exhibit D.

16. The '151 patent is entitled "Method and System For Providing Channel Assignment Information Used To Support Uplink And Downlink Channels," and issued on May 10, 2011 to inventors Marian Rudolf, Stephen G. Dick, and Phillip J. Pietraski. InterDigital Technology owns by assignment the entire right, title, and interest in and to the '151 patent. A true and correct copy of the '151 patent is attached to this Complaint as Exhibit E.

17. The '830 patent is entitled "Method and Subscriber Unit for Performing an Access Procedure," and issued on April 27, 2010 to inventors Fatih Ozluturk and Gary Lomp.

InterDigital Technology owns by assignment the entire right, title, and interest in and to the '830 patent. A true and correct copy of the '830 patent is attached to this Complaint as Exhibit F.

18. The '636 patent is entitled "Method and Apparatus For Performing An Access Procedure," and issued on August 30, 2011 to inventors Fatih Ozluturk and Gary R. Lomp. InterDigital Technology owns by assignment the entire right, title, and interest in and to the '636 patent. A true and correct copy of the '636 patent is attached to this Complaint as Exhibit G.

## COUNT I
## INFRINGEMENT OF THE '966 PATENT

19. InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

20. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '966 patent by making, using, importing, offering for sale, and/or selling wireless devices with 3G capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy Note 10.1, Galaxy S III, Galaxy Tab II, SCH-LC11 (4G LTE Mobile Hotspot), and ATIV S, and will continue to do so unless enjoined by this Court.

21. On information and belief, Samsung has had actual and/or constructive knowledge of the '966 patent since before this Complaint was filed. For example, InterDigital asserted the '966 patent and related patents against Samsung in Investigation Number 337-TA-601 before the U.S. International Trade Commission. In addition, Samsung will receive notice of the '966 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

22. On information and belief, the accused Samsung products are specifically designed to be used in at least a 3G WCDMA system. Specifically, the accused Samsung

products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the Release 99, Release 4, HSDPA, HSUPA, and/or HSPA+ standards. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '966 patent.

23. On information and belief, Samsung, with knowledge of the '966 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '966 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '966 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 3G capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '966 patent.

24. On information and belief, Samsung continues to infringe the '966 patent. Having notice of the '966 patent, Samsung's continued activities constitute willful patent infringement.

25. Samsung's past and continuing infringement of the '966 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## COUNT II
## INFRINGEMENT OF THE '847 PATENT

26. InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

27. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '847 patent by making, using, importing, offering for sale, and/or selling wireless devices with 3G capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy Note 10.1, Galaxy S III, Galaxy Tab II, SCH-LC11 (4G LTE Mobile Hotspot), and ATIV S, and will continue to do so unless enjoined by this Court.

28. On information and belief, Samsung has had actual and/or constructive knowledge of the '847 patent since before this Complaint was filed. For example, InterDigital asserted the '847 patent and related patents against Samsung in Investigation Number 337-TA-601 before the U.S. International Trade Commission. In addition, Samsung will receive notice of the '847 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

29. On information and belief, the accused Samsung products are specifically designed to be used in at least a 3G WCDMA system. Specifically, the accused Samsung products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the Release 99, Release 4, HSDPA, HSUPA, and/or

HSPA+ standards. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '847 patent.

30. On information and belief, Samsung, with knowledge of the '847 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '847 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '847 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 3G capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '847 patent.

31. On information and belief, Samsung continues to infringe the '847 patent. Having notice of the '847 patent, Samsung's continued activities constitute willful patent infringement.

32. Samsung's past and continuing infringement of the '847 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's

infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## COUNT III
## INFRINGEMENT OF THE '406 PATENT

33. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

34. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '406 patent by making, using, importing, offering for sale, and/or selling wireless devices with 3G capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy Note 10.1, Galaxy S III, Galaxy Tab II, SCH-LC11 (4G LTE Mobile Hotspot), and ATIV S, and will continue to do so unless enjoined by this Court.

35. On information and belief, Samsung has had actual and/or constructive knowledge of the '406 patent since before this Complaint was filed. In addition, Samsung will receive notice of the '406 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

36. The accused Samsung products are specifically designed to be used in at least a 3G WCDMA or CDMA2000 system. Specifically, the accused Samsung products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the Release 99, Release 4, HSDPA, HSUPA, and/or HSPA+ standards. The accused products designed to be used in a 3G CDMA2000 system are configured to comply with the 1xRTT standards, and some are further configured to comply with EV-DO standards. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '406 patent.

37. On information and belief, Samsung, with knowledge of the '406 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '406 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '406 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 3G capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '406 patent.

38. On information and belief, Samsung continues to infringe the '406 patent. Having notice of the '406 patent, Samsung's continued activities constitute willful patent infringement.

39. Samsung's past and continuing infringement of the '406 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## COUNT IV
## INFRINGEMENT OF THE '970 PATENT

40. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

41. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '970 patent by manufacturing, using, importing, offering for sale, and/or selling wireless devices with 3G and IEEE 802 capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy Note 10.1, Galaxy S III, Galaxy Tab II, and ATIV S, and will continue to do so unless enjoined by this Court.

42. On information and belief, Samsung has had actual and/or constructive knowledge of the '970 patent since before this Complaint was filed. In addition, Samsung will receive notice of the '970 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

43. The accused Samsung products are specifically designed to be used in a 3G WCDMA or CDMA2000 system as well as in an IEEE 802 system. Specifically, the accused Samsung products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the HSUPA and/or HSPA+ standards. The accused products designed to be used in a 3G CDMA2000 system are configured to comply with the EV-DO Revision A standard. The accused products further designed to also be used in an IEEE 802 system are configured to comply with at least IEEE 802.11. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '970 patent.

44. On information and belief, Samsung, with knowledge of the '970 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '970 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G and IEEE 802 capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '970 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 3G and IEEE 802 capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '970 patent.

45. On information and belief, Samsung continues to infringe the '970 patent. Having notice of the '970 patent, Samsung's continued activities constitute willful patent infringement.

46. Samsung's past and continuing infringement of the '970 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## COUNT V
## INFRINGEMENT OF THE '151 PATENT

47. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

48. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '151 patent by manufacturing, using, importing, offering for sale, and/or selling wireless devices with 4G capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy S III, Galaxy Tab II, and SCH-LC11 (4G LTE Mobile Hotspot), and will continue to do so unless enjoined by this Court.

49. On information and belief, Samsung has had actual and/or constructive knowledge of the '151 patent since before this Complaint was filed. In addition, Samsung will receive notice of the '151 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

50. The accused Samsung products are specifically designed to be used in at least a 4G wireless communications system. Specifically, the accused Samsung products identified by InterDigital to date that are designed to be used in a 4G wireless communications system are configured to comply with the LTE (Long Term Evolution) standard. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '151 patent.

51. On information and belief, Samsung, with knowledge of the '151 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '151 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 4G

capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '151 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 4G capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '151 patent.

52. On information and belief, Samsung continues to infringe the '151 patent. Having notice of the '151 patent, Samsung's continued activities constitute willful patent infringement.

53. Samsung's past and continuing infringement of the '151 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

### COUNT VI
### INFRINGEMENT OF THE '830 PATENT

54. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

55. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '830 patent by making,

using, importing, offering for sale, and/or selling wireless devices with 3G capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy Note 10.1, Galaxy S III, Galaxy Tab II, SCH-LC11 (4G LTE Mobile Hotspot), and ATIV S, and will continue to do so unless enjoined by this Court.

56. On information and belief, Samsung has had actual and/or constructive knowledge of the '830 patent since before this Complaint was filed. For example, InterDigital asserted related patents against Samsung in Investigation Number 337-TA-601 before the U.S. International Trade Commission. In addition, Samsung will receive notice of the '830 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

57. The accused Samsung products are specifically designed to be used in at least a 3G WCDMA system. Specifically, the accused Samsung products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the Release 99, Release 4, HSDPA, HSUPA, and/or HSPA+ standards. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '830 patent.

58. On information and belief, Samsung, with knowledge of the '830 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '830 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '830 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 3G

capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '830 patent.

59. On information and belief, Samsung continues to infringe the '830 patent. Having notice of the '830 patent, Samsung's continued activities constitute willful patent infringement.

60. Samsung's past and continuing infringement of the '830 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

### COUNT VII
### INFRINGEMENT OF THE '636 PATENT

61. InterDigital repeats each and every allegation of the preceding paragraphs as if fully set forth herein.

62. In violation of 35 U.S.C. § 271, Samsung is now, and has been, directly infringing, contributorily infringing and/or inducing infringement of, the '636 patent by making, using, importing, offering for sale, and/or selling wireless devices with 3G capabilities in the United States, including but not limited to the Samsung Galaxy Note, Galaxy Note II, Galaxy

Note 10.1, Galaxy S III, Galaxy Tab II, SCH-LC11 (4G LTE Mobile Hotspot), and ATIV S, and will continue to do so unless enjoined by this Court.

63. Samsung will receive notice of the '636 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

64. On information and belief, Samsung has had actual and/or constructive knowledge of the '636 patent since before this Complaint was filed. For example, InterDigital asserted related patents against Samsung in Investigation Number 337-TA-601 before the U.S. International Trade Commission. In addition, Samsung will receive notice of the '830 patent upon the service of the Complaint by InterDigital upon Samsung at the addresses referenced herein, concurrently with this filing.

65. The accused Samsung products are specifically designed to be used in at least a 3G WCDMA system. Specifically, the accused Samsung products identified by InterDigital to date that are designed to be used in a UMTS (WCDMA) system are configured to comply with the Release 99, Release 4, HSDPA, HSUPA, and/or HSPA+ standards. Because the accused products are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Samsung contributorily infringes the '636 patent.

66. On information and belief, Samsung, with knowledge of the '636 patent, and without authority, has actively induced and continues to actively induce infringement by end-users of at least one claim of the '636 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of infringing wireless devices with 3G capabilities, intending to encourage, and in fact encouraging, end-users to directly infringe the '636 patent. On information and belief, Samsung actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce infringing wireless devices with 3G

capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims. In addition, Samsung has had actual knowledge of end-users' direct infringement and that Samsung's acts induced such infringement since at least the date of this filing, when InterDigital provided to known representatives of Samsung a copy of the complaint (including claim charts) filed in the U.S. International Trade Commission detailing the allegations of Samsung's infringement of the '636 patent.

67. On information and belief, Samsung continues to infringe the '636 patent. Having notice of the '636 patent, Samsung's continued activities constitute willful patent infringement.

68. Samsung's past and continuing infringement of the '636 patent has caused monetary damage and irreparable injury to InterDigital. Unless and until Samsung's infringement is enjoined by this Court, it will continue to cause monetary damage and irreparable injury to InterDigital.

## JURY DEMAND

69. InterDigital demands a jury trial as to all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

70. WHEREFORE, InterDigital respectfully requests that this Court enter judgment against the Defendants as follows:

(a) That Defendants are liable for infringement, contributing to the infringement, and/or inducing the infringement of one or more claims of the Patents-in-Suit, as alleged herein;

(b) That the Defendants and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, customers and/or licensees and those persons acting in concert or participation with any of them, are preliminarily and permanently enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from contributorily and/or inducing the infringement of the Patents-in-Suit prior to their expiration, including any extensions;

(c) An Order directing Defendants to file with this Court and serve upon Plaintiffs' counsel within 30 days after the entry of the Order of injunction a report setting forth the manner and form in which Defendants have complied with the injunction;

(d) An award of damages adequate to compensate InterDigital for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

(e) An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

(f) An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

(g) An award of attorneys' fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

(h) Costs and expenses in this action; and

(i) An award of any further relief that this Court deems just and proper.

PROCTOR HEYMAN LLP

/s/ *Neal C. Belgam*
Neal C. Belgam (# 2721)
E-mail: nbelgam@proctorheyman.com
Melissa N. Donimirski (#4701)
E-mail: mdonimirski@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, Delaware 19801
(302) 472-7300
*Counsel for Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc.*

OF COUNSEL:

LATHAM & WATKINS LLP
Ron E. Shulman
E-mail: Ron.Shulman@lw.com
Michael A. Ladra
E-mail: Mike.Ladra@lw.com
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

LATHAM & WATKINS LLP
Maximilian A. Grant
E-mail: Max.Grant@lw.com
Bert C. Reiser
E-mail: Bert.Reiser@lw.com
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
(202) 637-2200

WILSON SONSINI
GOODRICH & ROSATI
David S. Steuer
E-mail: dsteuer@wsgr.com
Michael B. Levin
E-mail: mlevin@wsgr.com
Maura L. Rees
E-mail: mrees@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Dated: January 2, 2013